# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

Kaleb Anderson,

               Plaintiff,

               v.

Boeing Employees Credit Union and Equifax
Information Services, LLC,

               Defendants.

Case No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Kaleb Anderson ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Boeing Employees Credit Union ("*BECU*" or *"Furnisher Defendant"*) and Equifax Information Services, LLC ("*Equifax*" or "*CRA Defendant*") (Furnisher Defendant and CRA Defendant may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1.    This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*.

2.    This action seeks relief against CRA Defendant for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3.    This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good

PLAINTIFF'S COMPLAINT
CASE NO:

1

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4.     Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; the dissemination of this inaccurate reporting to third parties.

6.     Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

7.     Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

9.     Plaintiff Kaleb Anderson is an adult who is a citizen of the State of Washington residing in King County.

10.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11.     Defendant BECU is a Credit Union and has a principal place of business located at 12770 Gateway Drive S, Tukwila, Washington 98168.

12.     Defendant BECU is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

13.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

14.     Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. §

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

1681a(f), that regularly conducts business in this judicial district.

15.    Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

16.    Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1)    The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

> (2)    An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

> (3)    Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

> (4)    There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

17.    FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18.    CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

19.    Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the credit information being furnished and reported by them is maintained

fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

20.    Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

21.    Defendants are reporting inaccurate information on two BECU accounts (collectively referred to as "*BECU Accounts*") on Plaintiff's consumer credit reports with CRA Defendant:

    a.   Auto Loan Account

        i.   Plaintiff had an Auto Loan account with BECU that was opened in April 2017 and paid off in March 2020.

        ii.   This account is reporting a 30-day late remark for May 2023 on Plaintiff's Equifax credit reports despite being paid off over 3 years prior.

    b.   Credit Card Account

        i.   Plaintiff had a credit card account with BECU that was opened in January 2017 and paid off/closed in November 2019.

        ii.   This account is reporting a 30-day late remark for June 2023 on Plaintiff's Equifax credit reports despite being paid off over 3 years prior.

22.    On or about September 19, 2024, Plaintiff caused a dispute letter to be sent via certified mail to CRA Defendant informing them of these inaccurate late remarks on the BECU Accounts (the "*FCRA Dispute Letter*").

23.    The FCRA Dispute Letter also enclosed Plaintiff's driver's license, social security card and voting card as proof of identity and residence.

24.    Based upon United States Postal Service tracking information, CRA Defendant received the FCRA Dispute Letter.

25.    Upon information and belief, CRA Defendant forwarded a notice of dispute and all relevant information regarding the FCRA Dispute Letter to Furnisher Defendant, within five business days of receipt of same.

26.    Upon information and belief, Furnisher Defendant received the notice of dispute and all relevant information from CRA Defendant.

27.    Following Defendants' thirty (30) day FCRA investigation period, Defendants

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

continued to inaccurately report the accounts

28.     Upon information and belief, Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate BECU Accounts as accurate.

29.     Had Defendants performed a reasonable investigation, the BECU Accounts would have been modified to remove the inaccurate late remarks, or the tradelines would have been deleted entirely.

30.     Alternatively, and, upon information and belief, CRA Defendant failed to provide Furnisher Defendant with the notice of dispute and all relevant information.

31.     Alternatively, and, upon information and belief, Furnisher Defendant provided CRA Defendant with the correct information and directives regarding the BECU accounts and CRA Defendant failed to properly process or furnish this data to Plaintiff's credit report.

32.     As such, CRA Defendant failed to practice reasonable procedures to assure maximum possible accuracy.

33.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; lost time and effort; and the dissemination of this inaccurate reporting to third party prospective creditors.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b)

34.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

35.     CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

36.     Upon receipt of Plaintiff's disputes, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

performance of the reasonable investigation.

37.    At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but Equifax failed to do so.

38.    Upon information and belief, CRA Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

39.    In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

40.    Plaintiff disputed the inaccurate information and CRA Defendant knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

41.    Plaintiff disputed the inaccurate information and CRA Defendant recklessly failed to perform a reasonable investigation to remove the inaccurate information.

42.    Alternatively, Plaintiff disputed the inaccurate information and CRA Defendant negligently failed to perform a reasonable investigation to remove the inaccurate information.

43.    As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

44.    In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

45.    CRA Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

46.    As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

47.    For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## <u>COUNT II</u>
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

48.    Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

6

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

49.     CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

50.     CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendant and merely parroting information received from the furnisher.

51.     CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

52.     CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

53.     CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

54.     Upon information and belief, CRA Defendant never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

55.     Upon information and belief, CRA Defendant never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (ii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iii) requested or obtained any other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

56.     As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

57.     CRA Defendant's violations were willful because it had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58.     In the alternative, CRA Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

59.     For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

7

1

2

## COUNT III
**Furnisher Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

3      60.    Plaintiff repeats and realleges the foregoing paragraphs as if same were fully

4   restated herein below.

5      61.    At all times pertinent hereto, Furnisher Defendant is a "person" as that term is

6   defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

7      62.    Furnisher Defendant has a duty to provide accurate information to consumer

reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute

8   directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

9      63.    Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate

10  a dispute after receiving notice of the disputed item from a consumer reporting agency.

11     64.    FCRA requires furnishers, after receiving notice from a credit reporting agency that

12  a consumer disputes information that is being reported by that furnisher to conduct an investigation

13  with respect to the disputed information, to review all relevant information, to report the results of

the investigation to the credit reporting agency, and, if the investigation reveals that the

14  information is incomplete or inaccurate, to report those results to all other credit reporting agencies

15  to which the furnisher has provided the inaccurate information.

16     65.    On each occasion referenced in the above statement of facts where a dispute was

17  sent to CRA Defendant, upon information and belief, CRA Defendant provided Furnisher

18  Defendant the notice of dispute and all relevant information regarding the disputes.

19     66.    Upon information and belief, on each occasion referenced in the above statement

20  of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of

dispute and all relevant information regarding the disputes.

21     67.    Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-

22  2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

23     68.    Furnisher Defendant failed to correct or remove the inaccurate information from

24  the account and credit report and report those results to all other credit reporting agencies to which

the furnisher has provided the inaccurate information.

25     69.    Upon information and belief, Furnisher Defendant's conduct in the instant matter

26  is representative of its normal policies and procedures in responding to disputes by providing only

27  a cursory review of basic information and failing to investigate any further or failing to investigate

28

8

and remediate any errors entirely.

70.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

71.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

72.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

73.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

74.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

75.    Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

76.    Furnisher Defendant's conduct was willful in that it had direct knowledge that the information it was reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notice from the consumer reporting agencies, continued to report the tradeline inaccurately.

77.    Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and failed to conduct a reasonable investigation and failed to correct the credit reporting.

78.    Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

79.    Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

80.    Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

81.    Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

9

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

82.     Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

83.     Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

84.     Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85.     Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

86.     For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

87.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

a   Adjudging that Defendants' actions violated the FCRA;

b   Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

c   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

f   Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600

under the law; and

h    Such other and further relief as the Court determines is just and proper.

DATED: April 7, 2025

**SANDERS LAW GROUP**

By: */s Craig B Sanders*
Craig B Sanders, Esq. (WSBA 46986)
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 131255

PLAINTIFF'S COMPLAINT
CASE NO:

SANDERS LAW GROUP
333 Earle Ovington Blvd, Ste 402
Uniondale, NY 11553
Tel: (516) 203-7600